# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 3:26cr21/MCR

DONSCHEE RICKY MONTRELL FOSTER

_____/

## FACTUAL BASIS FOR GUILTY PLEA

Defendant Donschee Ricky Montrell Foster admits that if this case were to proceed to trial, the government could prove the following facts:

Donschee Ricky Montrell Foster ("Foster") was required to register as a sexual offender in the State of Florida based on a prior violation of law for Possession of Child Sexual Abuse Material. Foster was sentenced to serve thirty-six months of probation, and he qualified for lifetime registration as a sexual offender in Florida. As a sexual offender, Foster was obligated to comply with all of the registration requirements outlined in Florida Statute 943.0435.

FDLE Insp. Horn reviewed the most recent registration for Foster in the FDLE Sexual Offender and Predator System (SOPS), which serves as the main repository of sexual offender registration information for the State of Florida. Foster registered with the Escambia County Sheriff's Office on September 22, 2025, and listed his permanent address as XXXXX Brainerd St, Pensacola, FL 32501. Members of

1

FILED USDC FLND PN
APR 30 '26 AM 11:52

FDLE responded to XXXXX Brainerd Street, and attempted to verify this residence as Foster's registered permanent address on the following dates:

October 15, 2025, at approximately 1633 hours.

October 16, 2025, at approximately 2052 hours.

November 6, 2025, at approximately 2100 hours.

Foster was not present at the residence for any of the attempted verifications. During the last address verification attempt, investigators were able to confirm that Foster had not been at the residence as required.

Insp. Horn requested the assistance of FDLE Analyst Carder in locating any potential addresses where Foster could be located. Through intelligence efforts, it was learned that Foster was staying at an unregistered address. Insp. Horn was able to confirm this address via interviews and surveillance. Per Florida Statute 943.0435(4)(a), as a registered sexual offender, Foster was obligated to report any changes in his permanent address within 48 hours to the DHSMV.

On November 17, 2025, Insp. Horn prepared an arrest warrant and affidavit for Foster, which charged him with sex offender registration violations. On November 20, 2025, Insp. Horn contacted Escambia County Sheriff's Office Deputy McCraken and requested assistance with locating Foster. Deputy McCraken located Foster and transported him to the Escambia County Sheriff's Office (ECSO). Insp. Horn met Deputy McCraken at ECSO and conducted a recorded interview with

Foster.

Insp. Horn read Foster his *Miranda* rights from an agency rights waiver form, which Foster stated he understood. On November 20, 2025, Insp. Horn detained a Samsung Galaxy S22 cellular telephone from Foster. Insp. Horn drafted a search warrant for the device on November 21, 2025, and submitted the search warrant. The search warrant was signed on November 21, 2025, and was executed on November 24, 2025. Insp. Horn provided FDLE Criminal Intelligence Analyst (CIA) Owen with the signed search warrant and the cellular telephone for the purpose of searching the device to locate evidence related to Foster failing to report internet identifiers. Media files on the device were included in the initial search warrant; however, Insp. Horn instructed CIA Owen to stop the search if illicit material was located so that an additional search warrant could be applied for.

On December 1, 2025, CIA Owen notified Insp. Horn that, while extracting the contents of the device, she observed several files of child sexual abuse material to be present on the device. CIA Owen informed Insp. Horn that one of the files she observed depicted a prepubescent female, under the approximate age of ten, being orally penetrated by the penis of an adult male. CIA Owen then stopped the search as instructed pending Insp. Horn's application for an additional search warrant. Insp. Horn authored a second search warrant for the cellular telephone, to include search authority for child pornography and submitted the second search warrant. On

3

December 3, 2025, the second search warrant was signed. The search warrant was executed on the same date. FDLE located AI/computer generated child sexual abuse images within a social media thread Foster was a part of as well as images of real child pornography Foster possessed on his device. Foster agrees that the indictment, which is incorporated herein, is true and correct.

## ELEMENTS OF THE OFFENSES

The elements of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), as charged in Count Two, are:

*First:* The Defendant knowingly possessed an item or items of child pornography;

*Second:* The item[s] of child pornography had been transported, shipped or mailed in interstate or foreign commerce or by using such a facility, including by computer or cellular telephone on the Internet; and

*Third:* When the Defendant possessed the item[s], the Defendant believed the item[s] were or contained child pornography.

The elements of the Registered Sexual Offender Enhancement Statute, in violation of 18 U.S.C. § 2260A, as charged in Count Three, are:

*First:* The Defendant was required by law to register as a sex offender; and

4

*Second:* The Defendant thereafter committed a felony offense involving a minor as charged in Count Two.

JOHN P HEEKIN
United States Attorney

JOHN L. WILKINS
Attorney for Defendant
Florida Bar No.: 0137529
221 E. Government St.
Pensacola, FL 32502
(850) 429-9757

DAVID L. GOLDBERG
Assistant U.S. Attorney
Northern District of Florida
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

April 9, 2026
Date

4/30/26
Date

DONSCHEE RICKY MONTRELL FOSTER
Defendant

April 9, 2026
Date

5